[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27 2000
THOMAS K. KAHN
CLERK

No. 98-4374

D. C. Docket No. 96-534-CR-SM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BLADIMIR DEVILA, AVERY LIGHTBORNE,
JURGEN PRECIADO, RAULDINO RIVERA,
CESAR VALLECILLA-ORBIO,

Defendants-Appellants.

Appeals from the United States District Court
for the Southern District of Florida

**(June 27, 2000)**

Before COX, HILL and MESKILL*, Circuit Judges.

_____
*Honorable Thomas J. Meskill, U.S. Circuit Judge for the Second Circuit, sitting by designation.

PER CURIAM:

In 1996, defendants/appellants Jurgen Preciado, Bladimir Devila, Rauldino Rivera, Cesar Vallecilla-Orobio and Avery Lightborne were indicted by a federal grand jury in Miami, Florida with conspiracy to possess with intent to distribute marijuana, while crewmembers on board the vessel "Marbella II", a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. §§ (a), (j), and (g) (Count I); and possession with intent to distribute marijuana, in violation of 46 U.S.C. App. §§ (a) and (g), and 18 U.S.C. § 2 (Count II).

After a ten-day jury trial in 1997, the jury returned guilty verdicts against all five defendants/appellants on both counts charged. Defendant/appellant Rivera filed post-trial motions for judgment of acquittal (Fed. R. Crim. Proc. 29), new trial (Fed. R. Crim. Proc. 33) and arrest of judgment (Fed. R. Crim. Proc. 34) on the basis that the government failed to prove beyond a reasonable doubt that the United States had jurisdiction over the vessel at issue, Marbella II.[1]

In a thoughtful, well-reasoned, twenty-four (24) page opinion dated January 13, 1998, the district court denied all post-trial motions. Final judgments and

---

[1] Defendant/appellant Rivera's motion was adopted by defendants/appellants Lightborne, Vallecilla-Orobio and Preciado in three separate orders. Defendant/appellant Devila filed a separate motion for judgment of acquittal and a separate motion for new trial. In his motion for judgment of acquittal, defendant/appellant Devila stated that he also wished to adopt defendant/appellant Rivera's motion.

commitment orders were entered one month later. The defendants/appellants appeal from these final orders.

The only issue raised upon appeal that merits discussion is the same issue addressed in defendants'/appellants' post-trial motions, which is, whether the government failed to prove beyond a reasonable doubt that the United States had jurisdiction over the vessel Marbella II.[2] For the reasons stated in Sections I and II of the district court order of January 13, 1998, by the Honorable Stanley Marcus, then district judge, denying defendants'/appellants' post-trial motions, which sections are attached hereto as an appendix, the defendants'/appellants' final judgments of conviction and commitment orders are AFFIRMED.

AFFIRMED.

---

[2] All remaining issues raised are devoid of merit and affirmed without opinion. *See* 11th Cir. R. 36-1.